Pursuant to the Full Commission's 18 August 1998 Order, plaintiff has submitted an Industrial Commission Form 42 Application for Appointment of Guardian Ad Litem and birth certificate for each of plaintiff's minor children. For Cassandra Nicole Horn, a Form 42 Application to have Mr. Seth H. Langson appointed as her Guardian Ad Litem was received by the Commission on 5 February 1999 and has been approved by the Commission. For Jeffrey Ryan Horn, a Form 42 Application to have Mr. Seth H. Langson appointed as his Guardian Ad Litem
was received by the Commission on 5 February 1999 and has been approved by the Commission. The approved Form 42 Applications and birth certificates for Cassandra Nicole Horn and Jeffrey Ryan Horn are hereby admitted into the record of evidence.
***********
The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Edward Garner, Jr., the briefs and oral arguments on appeal and the subsequent documents submitted by plaintiff. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence, the Full Commission reverses the prior Opinion and Award and enters the following Opinion and Award.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing on 22 April 1996 as:
 STIPULATIONS
1. The deceased employee's salary while working for defendant-employer was based on commissions and his average weekly commissions at the tine of his death were $1,000.00.
2. Based on an average weekly wage of $1,000.00, the deceased employee's compensation rate in Tennessee was the maximum compensation rate for 1994, $355.97.
3. Based on an average weekly wage of $1,000.00, the deceased employee's compensation rate in North Carolina would be the maximum compensation rate for 1994, $466.00.
***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Mr. Gary J. Horn, the deceased employee, worked as a truck driver for defendant-employer, whose business was located in Memphis, Tennessee. As of 22 June 1994, Mr. Horn and his wife, Ms. Carla Horn, lived in Camden, Tennessee.
2. On 22 June 1994, decedent was driving his truck in or near Canton, North Carolina in the course and scope of his employment with defendant-employer. On said date, he lost control of his truck and was involved in an accident, which resulted in his death.
3. Mr. Art Wells was retained in Tennessee to represent decedent's estate, which was administered by his mother, Ms. Lavern Horn. On 5 July 1994, Mr. Wells sent a letter to Travelers Insurance Company regarding death benefits under Tennessee law. In this correspondence, Mr. Wells specifically advised that he was representing the estate of decedent. Prior to Mr. Wells' correspondence, defendants had contacted the Tennessee Department of Labor Workers' Compensation Division regarding death benefits on behalf of decedent's estate.
4. During a meeting between Ms. Carla Horn, her mother-in-law and Mr. Wells, Ms. Carla Horn asked Mr. Wells a couple of questions regarding a potential personal injury claim she was considering filing on behalf of herself. Other than this single occurrence, there is no additional evidence that any of the consultations, meetings or discussions with Mr. Wells concerned other possible actions which she could bring. Further, there is no evidence in the record that Ms. Carla Horn ever discussed with an attorney the possibility of filing a claim in North Carolina prior to the filing of the Tennessee claim.
5. On 23 June 1994, Ms. Carla Horn began receiving weekly benefits at the rate of $355.97 per week pursuant to the claim filed in Tennessee. Approximately two months after the accident, she moved to Gastonia, North Carolina along with the deceased employee's children. Following this move, Ms. Horn continued to receive $355.97 in weekly benefits pursuant to the claim filed on behalf of decedent's estate in Tennessee.
6. On 10 March 1995, Ms. Carla Horn filed a Form 18 claim for compensation with the Industrial Commission. Under this claim, Ms. Horn sought supplemental compensation on behalf of herself and the deceased employee's children under the North Carolina Workers' Compensation Act.
7. On 22 June 1994, Mr. Gary J. Horn sustained an injury by accident arising out of and in the course of his employment which resulted in his death.
8. At the time of the filing of the Tennessee claim, Ms. Carla J. Horn, one of the named plaintiffs, had not made an informed election of benefits. At that time, Ms. Horn had no knowledge regarding the financial consequences of filing a claim in Tennessee versus filing one in North Carolina. Ms. Horn's consultations with Mr. Wells regarding the filing of a claim in Tennessee do not amount to her having made an informed election of benefits.
9. Ms. Carla Horn is the widow of Mr. Gary. J. Horn, the deceased employee.
10. A birth certificate for Cassandra Nicole Horn indicating that the deceased employee, Mr. Gary J. Horn, was her father has been submitted to the Commission and is now part of the record of evidence. Mr. Seth H. Langson's appointment as the GuardianAd Litem for Cassandra Nicole Horn has been approved by the Commission. Cassandra Nicole Horn was 6 years old on the date of decedent's death.
11. A birth certificate for Jeffrey Ryan Horn indicating that the deceased employee, Mr. Gary J. Horn, was his father has been submitted to the Commission and is now part of the record of evidence. Mr. Seth H. Langson's appointment as the GuardianAd Litem for Jeffrey Ryan Horn has been approved by the Commission Jeffrey Ryan Horn was 8 years old on the date of decedent's death.
12. Cassandra Nicole Horn and Jeffrey Ryan Horn were the minor children of the deceased employee, Mr. Gary J. Horn, at the time of his death.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The parties in this matter are properly before the Industrial Commission, which has jurisdiction over plaintiff's claim. G.S. § 97-3.
2. On 22 June 1994, the involved employee, Mr. Gary J. Horn, sustained an injury by accident arising out of and in the course of his employment which resulted in his death. G.S. § 97-2(6); G.S. § 97-38.
3. The United States Supreme Court has held that the Full Faith and Credit Clause does not preclude the award of workers' compensation benefits in more than one state as the result of a single accident. Thomas v. Washington Gas Light Company,448 U.S. 261 (1980). Additionally, the Court has permitted each state, when it acts as the second state, to determine whether to award benefits. Id. Neither the provisions of the North Carolina Worker's Compensation Act nor relevant case law precludes the Industrial Commission from awarding supplemental benefits to a plaintiff who is receiving benefits from another state as the result of a single compensable accident.Id.
4. As the result of his 22 June 1994 injury by accident and resulting death, the deceased employee's dependents are entitled to be paid the difference between what has been paid under the Tennessee Act, based on $355.97 in weekly benefits, and what they would have been entitled to under North Carolina's Act, based on a compensation rate of $466.00 per week. G.S. § 97-38. Additionally, the deceased employee's dependents are entitled ongoing death benefits based upon a North Carolina compensation rate of $466.00. Id.
5. As the widow of the deceased employee, Ms. Carla Horn, is conclusively presumed to have been his dependent. G.S. § 97-39. Accordingly, Ms. Carla Horn is entitled to receive in a lump sum payment one third (1/3) of the difference between what has been paid under the Tennessee Act, based on $355.97 in weekly benefits, and what plaintiffs would have been entitled to under North Carolina's Act, based on a compensation rate of $466.00 per week. G.S. § 97-38 Additionally, Ms. Carla Horn is entitled to one-third (1/3) of decedent's ongoing North Carolina benefits at a rate of $466.00 per week for a period of 400 weeks from the date of decedent's death. Id.
6. As the minor child of the deceased employee, Cassandra Nicole Horn is conclusively presumed to have been his dependent. G.S. § 97-39. Accordingly, Cassandra Nicole Horn is entitled to receive in a lump sum payment one third (1/3) of the difference between what has been paid under the Tennessee Act, based on $355.97 in weekly benefits, and what plaintiffs would have been entitled to under North Carolina's Act, based on a compensation rate of $466.00 per week. G.S. § 97-38. Additionally, Cassandra Nicole Horn is entitled to one-third (1/3) of decedent's ongoing North Carolina benefits at a rate of $466.00 per week for a period of 400 weeks from the date of decedent's death or until she reaches the age of 18. Id.
7. As the minor child of the deceased employee, Jeffrey Ryan Horn is conclusively presumed to have been his dependent. G.S. § 97-39. Accordingly, Jeffrey Ryan Horn is entitled to receive in a lump sum payment one third (1/3) of the difference between what has been paid under the Tennessee Act, based on $355.97 in weekly benefits, and what plaintiffs would have been entitled to under North Carolina's Act, based a compensation rate of $466.00 per week. G.S. § 97-38. Additionally, Jeffrey Ryan Horn is entitled to one-third (1/3) of decedent's ongoing North Carolina benefits at a rate of $466.00 per week for a period of 400 weeks from the date of decedent's death or until he reaches the age of 18. Id.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to the attorney's fee approved herein, defendants shall pay to plaintiffs the difference between what has been paid under the Tennessee Act, based on $355.97 in weekly benefits, and what plaintiffs would have been entitled to under North Carolina's Act, based on a compensation rate of $466.00 per week. These accrued death benefits shall be paid in a lump sum to Ms. Carla Horn, as widow of the deceased employee and in her capacity as the natural guardian for Cassandra Nicole Horn and Jeffrey Ryan Horn for their benefit.
2. Subject to the attorney's fee approved herein, defendants shall pay to Ms. Carla Horn, as the widow of the decedent, one-third (1/3) of decedent's ongoing North Carolina benefits at a rate of $466.00 per week for a period of 400 weeks from the date of decedent's death.
3. Subject to the attorney's fee approved herein, defendants shall pay to Ms. Carla Horn, as the natural guardian and for the benefit of Cassandra Nicole Horn, one-third (1/3) of decedent's ongoing North Carolina benefits at a rate of $466.00 per week for a period of 400 weeks from the date of decedent's death or until Cassandra Nicole Horn reaches the age of 18.
4. Subject to the attorney's fee approved herein, defendants shall pay to Ms. Carla Horn, as the natural guardian and for the benefit of Jeffrey Ryan Horn, one-third (1/3) of decedent's ongoing North Carolina benefits at a rate of $466.00 per week for a period of 400 weeks from the date of decedent's death or until Jeffrey Ryan Horn reaches the age of 18.
5. A reasonable attorney's fee of ten percent (10%) of the compensation awarded above is approved for counsel for plaintiff. From the lump sum amounts, this fee shall be deducted and paid directly to counsel for plaintiff.
6. Defendants shall pay the costs.
 S/_____________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER